```
          IN THE UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC.    *

          Plaintiff             *

            vs.                 *   CIVIL ACTION NO. MJG-11-1598

AVENUE TAP, INC., et al.        *

          Defendants            *

*    *    *    *    *    *    *    *    *
```

## MEMORANDUM AND ORDER

The Court has before it Defendants' Motion to Vacate Default Judgment [Document 11] and the materials submitted relating thereto. The Court finds that a hearing is unnecessary.

Defendants were properly served with the Complaint on July 16, 2011 and, through the entry of Default Judgment on December 20, 2011, did nothing to respond. Under the circumstances, the Court issued a Judgment, as sought by Plaintiff, awarding the maximum permissible recovery.

Defendants, by the instant motion, filed February 8, 2012, seek relief from the Default Judgment. In the motion, Defendants state that:

> Defendants did not find out about the entry of the Judgment of Default until recently because they did not receive a copy of the Judgment of Default. Once Defendants discovered that the Judgment of Default had been entered, they retained the undersigned

> counsel. Additionally, the Defendant did not retain counsel and defend the action sooner because Defendant was confused when he received the Plaintiff's complaint. The Defendant had a similar civil action last year which was filed by the same law firm utilized by the Plaintiff in this action. That case was <u>Joe Hand Promotions, Inc. v. Avenue Tap, Inc., et al.</u> (Case No. RDB-10-cv-1317). In fact the Plaintiff's name is similar to the Plaintiff in this case. In that case, Defendant hired the undersigned counsel to defend the action. Said case ultimately ended up settling and the parties entered into a Consent Order. When Defendant received the complaint in this case, he mistakenly assumed it was paperwork relating to the case which was recently settled and simply set it aside.
>
> . . . Additionally, in December of 2010, the establishment at issue in this case, caught fire and burned. The business has not been in operation since that date. Defendant has been consumed over the past year in dealing with issues surrounding the fire and trying to get the business back in operation.

Mot. 2-3 [Document 11].

However, Defendants did not reply to Plaintiff's allegations in its response that:

> However, William E. Wallace was served by private process server on July 16, 2011, as an individual and as Resident Agent of the corporation, with the Complaint and supporting documentation regarding this litigation. Further, Mr. Wallace was mailed copies of each pleading submitted by the Plaintiff in this action. The documentation sent to Mr. Wallace was mailed to the same address at which he was served the Complaint.

In addition to the pleadings that Mr. Wallace was sent after the Complaint had been filed in this matter, Mr. Wallace was sent correspondence well before the Complaint was filed. Between January 2009 and January 2010, Plaintiff's in-house counsel sent Mr. Wallace several letters, via first class and certified mail, stating that there was an unlawful exhibition of the Program in the establishment and that Plaintiff would potentially be filing suit in U.S. District Court unless he contacted counsel. Mr. Wallace failed to respond to the correspondence.

. . . With regard to Mr. Wallace's allegation that he confused this case with a prior case, the prior case of which Mr. Wallace references involved a different Plaintiff, Joe Hand Promotions, Inc., and a different program which broadcast on May 24, 2008. The previous case was dismissed in December 2010, as the parties reached a settlement agreement. The matter was settled in full, and a final payment was made in May 2011. The previous matter was paid, settled and satisfied several months before Mr. Wallace was served with the Complaint in this matter. It appears that while Mr. Wallace contends he was "confused" when he received the Complaint in this matter, he made no attempt to contact his attorney in order to clarify why he continued to receive documents on a consistent basis for a matter that he knew was resolved. Instead, Mr. Wallace ignored all documentation he continued to receive from the Court and from Plaintiff's counsel.

It is also difficult to believe Mr. Wallace that he was completely unaware of this matter, as Plaintiff's counsel notified counsel for Defendants in February 2011, prior to the filing of this Complaint, of the lawsuit which was going to be filed in

> U.S. District Court.  In fact, counsel for Plaintiff emailed counsel for Defendants a copy of which is attached hereto, and specifically stated that this was a new matter involving a different Plaintiff.  In a conversation with counsel for Defendants in February 2011, prior to the filing of the Complaint in this matter, Plaintiff's counsel was informed of a fire at the establishment in December 2010, and that the business had yet to reopen.  A suggestion was made by Defendants' counsel that the new claim be included with the settlement of the previous matter, otherwise his client would not settle and that the parties would need to go to trial.

Opp. 3-4 [Document 12].

Accordingly, the Court will accept as true the undenied assertions by Plaintiff.  Accordingly, the Court finds that Defendants, without reasonable justification, chose to ignore the instant lawsuit.

As stated by the United States Court of Appeals for the Fourth Circuit in <u>Payne v. Brake</u>, 439 F.3d 198, 204-05 (4th Cir. 2006):

> Rule 55 of the Federal Rules of Civil Procedure provides that a court may, "[f]or good cause shown," set aside an entry of default. "The disposition of motions made under Rule [ ] 55(c) . . . is a matter which lies largely within the discretion of the trial judge and his action is not lightly to be disturbed by an appellate court."
>
> When deciding whether to set aside an entry of default, a district court should consider whether the moving party has a

> meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic.

Id. (citing Fed. R. Civ. P. 55(c); Consol. Masonry & Fireproofing, Inc. v. Wagman Constr. Corp., 383 F.2d 249, 251 (4th Cir. 1967)).

The Defendants have not presented justification for a vacating of the default determination of liability. Indeed, this would be the case even if there had been a showing of a realistic plausible meritorious defense to liability.

On the other hand, there is a plausible defense position that the Court should not award the maximum possible damages.

While the Defendants might arguably be said to have acted with reasonable promptness if timing is considered from December 21, 2011, they hardly have done so with reference to the time by which they knew, or manifestly should have known, of the lawsuit.

There is no reason to doubt the personal responsibility of the Defendants for their failure to respond to the Complaint. There is no "history of dilatory action" in the case solely because there has been no action whatsoever.

There is prejudice to the Plaintiff in the sense that it has had to expend costs, including legal fees, in opposition to

the instant motion.  These costs would have been totally unnecessary had Defendants acted with reasonable diligence. Moreover, the Plaintiff should not be forced to wait and "chase" the Defendants for payment of these costs.

It is possible for the Court to impose a lesser sanction than the entry of the Default Judgment in the maximum amount that was imposed.

Under the circumstances, the Court finds it appropriate to take the following action:

1. Defendants' Motion to Vacate Default Judgment [Document 11] is GRANTED IN PART.

2. The Default Judgment damage award shall be vacated if, but only if, Defendants, by May 15,[1] deposit the sum of $3,000 with the Clerk of the Court to be distributed to Plaintiff in full or partial payment of an award of costs, including legal fees, relating to the instant motion.

3. Plaintiff shall, by May 7, file a statement of costs, including legal fees, incurred by virtue of the instant motion, to which Defendants shall file any objection by May 15.

4. If Defendants comply with ¶ 1 hereof:

    a. The Court shall issue an Order vacating the Default Judgment damage award, leave effective the determination of liability, and set a procedure for determining the recovery to which Plaintiff is entitled, and

    b. Award Plaintiff its costs, including legal fees, incident to the instant motion and

---

[1] All date references are to the year 2012.

>           effect payment from the funds deposited with
>           the Clerk.
>
> 5.    If Defendants do not comply with ¶ 1 hereof, the
>       Default Judgment shall remain in full force and
>       effect.


SO ORDERED, on <u>Thursday, April 19, 2012</u>.


<u>          /s/          </u><br>
Marvin J. Garbis<br>
United States District Judge