IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

J&J SPORTS PRODUCTIONS, INC.      *

              Plaintiff          *

              vs.               *      CIVIL ACTION NO. MJG-11-1598

AVENUE TAP, INC., et al.          *

              Defendants        *

*        *        *        *        *        *        *        *        *

MEMORANDUM OF DECISION

The Court has proceeded pursuant to the Procedural Order [Document 21].  Thus, the Court has reviewed the evidence presented by the parties and makes its factual findings based on its evaluation of the evidence and the reasonable inferences drawn therefrom.


A.    Procedural Background

On December 20, 2011, the Court entered a default judgment [Document 10] against Defendants in the amount of $151,000.00. On April 19, 2012, the Court provided that it would vacate the default judgment, leaving in effect the determination of liability if the Defendants "by May 15, [2012] deposit[ed] the sum of $3,000 with the Clerk of the Court to be distributed to Plaintiff in full or partial payment of an award of costs, including legal fees, relating to the instant motion." See

Memorandum and Order [Document 13].  Defendants complied with

the deposit requirement, and the Court vacated the default

judgment.  <u>See</u> Order Vacating Judgment [Document 16].

The parties thereafter engaged in settlement negotiations

but did not reach an agreement.  On February 14, 2013, the Court

issued the Procedural Order [Document 21] providing:

1.  By April 15,[2013] each side shall
    submit their trial record consisting of
    any evidence and arguments.

2.  By May 15,[2013] each side may:

    a.  Submit any responsive submission.
    b.  Request an evidentiary hearing or oral
        argument.

3.  In the absence of any request for
    evidentiary hearing or oral argument,
    the case will be deemed tried and
    submitted for decision on the record.

4.  If any party requests an evidentiary
    hearing or oral argument, the request
    shall be granted and a Second
    Procedural Order shall be issued.

The parties have submitted papers presenting their

respective positions; no party has requested an evidentiary

hearing or oral argument.  Therefore, the Court deems the case

submitted for decision on the record.

B.   Findings

1.   At all times relevant hereto, Defendant Avenue
     Tap, Inc. was operating the 7 Card Pub located at
     2333 Ruth Avenue, Baltimore, Maryland ("the
     Establishment").

     •    The Establishment has a bar area and a
          seating area.

     •    The Establishment has a maximum capacity of
          approximately 100 patrons.

2.   On December 6, 2008, Plaintiff J&J Sports
     Productions, Inc. ("J&J") was distributing a pay-
     per-view televised program including the boxing
     match between Oscar De La Hoya and Manny Pacquiao
     ("the Program").

     •    The price charged by Plaintiff for a
          commercial showing of the Program, for a
          location seating no more than 100, was $2,200.

     •    This is the price that would have been charged
          Defendant Avenue Tap, Inc. for showing the
          Program at the 7 Card Pub.

     •    The price charged for a non-commercial showing
          was substantially less.

3.   On December 6, 2008, from at least about 9:25
     p.m. to 10:00 p.m., in the establishment:

     •    There were from 12 to 16 patrons present.

     •    There were, in the bar area, three
          television sets, one 50-inch television set
          right behind the bartender in the center of
          the bar and two 25-inch television sets
          elsewhere.

     •    The Program was displayed on the 50-inch
          television set at the bar, but not on the
          other television sets.

3

- There was no admission cover charge and no increase in prices over those charged when the program was not displayed.

- The bartender was a "heavyset white female" with long blond hair about 5'5".

- Defendant, William Wallace, the sole shareholder of Avenue Tap, Inc., was not present.

4.  The Establishment premises was destroyed by fire in December of 2010 and the Establishment has not, as of this writing, reopened.

5.  Defendants contend, but there is no evidence to support or refute the contentions, that:

- The bartender, without the knowledge of Wallace, caused the display of the Program on the bar television set.

- The bartender had purchased the personal right to view the Program and used her/his[1] personal cable box to place the Program on the 50-inch television.

- The bartender's employment was terminated promptly after Mr. Wallace learned of the display of the program.

C.  Discussion

As discussed above, the Court has granted Plaintiff a default judgment establishing liability on the part of the

---

[1]  Plaintiff's investigator's affidavit [Document 8-3] refers to a female bartender while Defendant's Memorandum on Damages [Document 25] refers to a male.

Defendants.  Hence, the only issue presented for decision is the amount of damages and costs to be awarded.

       1.   <u>Damages</u>

The statute at issue provides, in pertinent part:

> [T]he party aggrieved may recover an award
> of statutory damages for each violation of
> subsection (a) of this section involved in
> the action in a sum of not less than $1,000
> or more than $10,000, as the court considers
> just.[2]

> In any case in which the court finds that
> the violation was committed willfully and
> for purposes of direct or indirect
> commercial advantage or private financial
> gain, the court in its discretion may
> increase the award of damages, whether
> actual or statutory, by an amount of not
> more than $100,000 for each violation of
> subsection (a) of this section.[3]

Plaintiff seeks the maximum possible damages award.

> Plaintiff requests statutory damages
> pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II).
> The amount of statutory damages to which
> Plaintiff is entitled for each violation of
> this section shall be not less than
> $1,000.00 or more than $10,000.00.  <u>Id.</u>
> Plaintiff respectfully requests that this
> Court award the maximum $10,000 permissible
> under the statute.  Next, Plaintiff
> respectfully and additionally requests
> maximum "enhanced" damages pursuant to
> section 605(e)(3)(C)(ii).  Section
> 605(e)(3)(C)(ii) permits this Court, in its
> discretion, to award up to $100,000.00 in

---

[2] 47 U.S.C. § 605(e)(3)(C)(i)(II).
[3] 47 U.S.C. § 605(e)(3)(C)(ii).

additional damages where "the violation was committed willfully and for the purposes of direct or indirect commercial advantage or private financial gain. . . ." 47 U.S.C. § 605(e)(3)(C)(ii).

Pl.'s Mem. 3-4 [Document 22].

Plaintiff could hardly, if at all, be more excessive in its request.


a.    <u>Basic Damages</u>

The evidence does not establish that the individual defendant, or anyone associated with the corporate defendant other than the bartender, was aware that the Program would be presented at the Establishment.  The absence of any advertising, cover charge, or increased prices confirms the absence of pre-event knowledge by management.  Moreover, the apparently small number of patrons, 12-16 in a location with a capacity for 100, is confirmatory of an <u>ad</u> <u>hoc</u> and not authorized action by the bartender.

Of course, since the bartender was acting within the scope of his/her employment, the corporate defendant is vicariously liable, and by virtue of his default, the individual defendant is personally liable.

The Court finds no basis to award any more than the minimum amount of statutory damages, i.e., $1,000.00, for which the Defendants are jointly and severally liable.

### b. Enhanced Damages

The Court does not find that the violation at issue was committed willfully and for purposes of gain.

There is no evidence that establishes either Defendant's "willfulness" in the sense of a deliberate intention to have the Program presented at the Establishment. The Court will, however, assume that the bartender's willfulness can be imputed to the Defendants. Nevertheless, the Court does not find that either Defendant – or even the bartender for that matter – displayed the Program for "purposes of direct or indirect commercial advantage or private financial gain." 47 U.S.C. § 605(e)(3)(C)(ii). There was no evidence of any pre-event notice that the program would be displayed, no cover charge or increase in prices during the time the Program was displayed, nor does the evidence establish that the number of patrons (at most 16 in a 100 patron capacity location) was augmented by the display of the Program.

Plaintiff contends that enhanced damages are warranted due to the Defendants' default.  However, the Defendants were relieved of their default in regard to damages issues.

Plaintiff seeks to have the Court "send a message" to deter future violations of their rights.  The Court finds adequate the message that there will be liability imposed even if – so far as management is concerned – a violation of its rights was inadvertent.  Moreover, there may well be a need for a "message" to the Plaintiff (and others similarly situated) to utilize a degree of discretion in damage demands.  It is not every case – and manifestly not the instant case – in which a demand for the maximum possible award is appropriate.

In the circumstances of the instant case, the Court does not find that it can award enhanced damages.  Furthermore, even if the statute could be interpreted to permit such an award, the Court would not exercise its discretion to render such an award in the instant case.


2.    Costs (including fees)

The statute at issue provides that the Court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."  47 U.S.C. § 605(e)(3)(B)(iii).

Plaintiff has prevailed and shall be awarded costs (including fees) as statutorily required. However, in determining the amount of the award, the Court shall take into account, as may be appropriate, matters as to which the Plaintiff did not prevail.


D.    Conclusion

For the foregoing reasons, the Court decides that:

1.    Plaintiff shall be awarded statutory damages of $1,000.00.

2.    Plaintiff shall not be awarded enhanced statutory damages.

3.    Plaintiff shall be awarded its full costs, including awarding reasonable attorneys' fees.


SO ORDERED, on Thursday, July 11, 2013.


                                    _____/s/_____
                                    Marvin J. Garbis
                              United States District Judge